UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| NADIA G. AGUILAR et al.,<br><br>   *Plaintiffs*,<br><br>v.<br><br>KEN'S MARINE AND OIL SERVICE, INC. et al.,<br><br>   *Defendants*. | Civil Action No. 14-6735<br><br>ORDER |

**THIS MATTER** comes before the Court on Defendant Texas Eastern Transmission, LP's ("Texas Eastern") Motion to Dismiss, Dkt. No. 57, and Defendant Ken's Marine and Oil Service LLC's ("Ken's Marine") (collectively, "Defendants") Motion for Judgment on the Pleadings, Dkt. No. 83, pro se Plaintiffs' Second Amended Complaint. For the reasons set forth below, the motion is **GRANTED**:

1. This lawsuit arises from the alleged discharge of oil and chemicals from Defendants' properties to Plaintiffs' properties during Superstorm Sandy ("Sandy"). See Second Am. Compl. ("SAC") ¶¶ 3, 7-11, Dkt. No. 52.

2. On September 9, 2016, the Court granted prior motions by Defendants to dismiss Plaintiffs' only federal claim—a violation of the Oil Pollution Act of 1990, 33 U.S.C. § 2701, et seq. ("OPA")—and declined to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims for violation of the New Jersey Spill Compensation and Control Act ("NJ Spill Act"), N.J.S.A. 58:10-23.11, et seq.; negligence; and negligent infliction of emotional distress. Dkt. No. 47.

3. On October 12, 2016, Plaintiffs filed a Second Amended Complaint against

Defendants, asserting the same state law causes of action but replacing the dismissed OPA claim with a claim under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, et seq. See SAC ¶¶ 12-20. On November 9, 2016, Defendant Texas Eastern filed a Motion to Dismiss the Second Amended Complaint. Dkt. No. 57. On November 9, 2016, Defendant Ken's Marine Answered the Complaint and filed a Crossclaim, Dkt. No. 56, and on March 15, 2017, Ken's Marine filed a Motion for Judgment on the Pleadings, Dkt. No. 83. Plaintiffs have not opposed the pending motions.[1]

4. Defendants Texas Eastern and Ken's Marine seek dismissal of Plaintiffs' RICO count under Fed. R. Civ. P. 12(b)(6) and 12(c),[2] respectively, because Plaintiffs have not demonstrated that they have standing and because the SAC fails to state a viable RICO claim. They both argue that if Plaintiffs' RICO count is dismissed, the Court should decline to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims. See Texas Eastern's Br. at 9-26, Dkt. No. 57-1; Ken's Marine's Br. at 8-25, Dkt. No. 83-1. The Court agrees.

---

[1] Following Plaintiffs' filing of the SAC, Plaintiffs' attorney was suspended from the practice of law and his appearance on behalf of Plaintiffs was struck. See Dkt. No. 74. In an attempt to permit Plaintiffs ample opportunity to obtain counsel, the Court held a hearing to discuss the available options and granted numerous extensions to Plaintiffs and prospective attorneys to enter an appearance and to oppose the pending motions. See Dkt. Nos. 60, 62-64, 67, 69, 72, 80, 82, 86. As of the date of this Order, no Plaintiffs have obtained counsel and none have opposed the pending motions or otherwise communicated with the Court.

[2] "The standard for deciding a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is identical to that under Rule 12(b)(6)." Celgene Corp. v. Teva Pharms, USA, Inc., 412 F. Supp. 2d 439, 443 (D.N.J. 2006). In considering a motion under 12(b)(6) or 12(c), the Court accepts as true all of the facts in the complaint and draws all reasonable inferences in favor of the nonmoving party. Bayer Chemicals Corp. v. Albermarle Corp., 171 F. App'x 392, 397 (3d Cir. 2006). The facts alleged must be "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). In addition, where the plaintiff is proceeding pro se, the Court construes the pleadings liberally and holds them to a less stringent standard than those filed by attorneys. Giles v. Kearney, 571 F.3d 318, 322 (3d Cir. 2009) (citing Haines v. Kemer, 404 U.S. 519, 520-21 (1972)). Nevertheless, "pro se litigants still must allege sufficient facts in their complaints to support a claim." Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013).

5. Defendants both seek dismissal of Plaintiffs' RICO count because Plaintiffs lack standing and the Second Amended Complaint fails to state a viable RICO claim. See Texas Eastern's Br. at 12-23; Ken's Marine's Br. at 15-22. The Court agrees with both arguments.

6. Plaintiffs fail to establish standing to maintain a RICO claim. To have standing under Section 1964(c), a plaintiff must establish "(1) that he was injured (2) by reason of a violation of § 1962." Anderson v. Ayling, 396 F.3d 265, 269 (3d Cir. 2005). Importantly, "a RICO plaintiff must show that defendant's RICO violation was not only a 'but for' cause of his injury, but also that it was the proximate cause." Id. (citing Holmes v. Sec. Investor Prot. Corp., 503 U.S. 258, 268 (1992)). In other words, there must be a "direct relation between the injury asserted and the injurious conduct alleged." Holmes, 503 U.S. at 268. Here, even assuming that Plaintiffs satisfactorily alleged an injury,[3] they have not alleged that such harm was proximately caused by any RICO violations. In fact, as explained further below, the SAC does not sufficiently describe *any conduct* by Defendants that could plausibly constitute a RICO violation. Rather, the SAC is replete with vague and conclusory allegations of bribery, extortion, and conspiracy, none of which is remotely supported by facts. Therefore, Plaintiffs have not shown that any harm was proximately caused by Defendants' RICO violations, and do not have standing to bring a RICO claim.

7. Even if they could establish standing, Plaintiffs fail to set forth a prima facie RICO claim. First, Plaintiffs allege a violation of Section 1962(b), which makes it unlawful to "acquire or maintain, directly or indirectly, any interest in or control of any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce." This claim fails because the SAC

---

[3] Plaintiffs allege that they "suffered financial, physical, and mental harm," including "diminution of value" of their properties as a result of the spill of oil and other chemicals. SAC ¶¶ 11, 19.

3

does not allege that Defendants acquired any interest or control of a RICO enterprise, does not identify any additional injury independent from that caused by the pattern of racketeering, and is devoid of any facts demonstrating a nexus between Defendants' interest or control of the alleged enterprise and the alleged racketeering activities. See Lightning Lube, Inc. v. Witco Corp., 4 F.3d 1153, 1190-91 (3d Cir. 1993).

8. Second, Plaintiffs assert a claim under Section 1962(c), which makes it unlawful to "conduct or participate, directly or indirectly, in the conduct of [an] enterprise's affairs through a pattern of racketeering activity." To state a claim under Section 1962(c), a plaintiff must allege "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." In re Ins. Brokerage Antitrust Litig., 618 F.3d 300, 362 (3d Cir. 2010) (quotation omitted). Plaintiffs fail to satisfy at least three of these elements.

    a. Plaintiffs do not establish the existence of a RICO enterprise. A RICO enterprise can be either a legal entity or an association-in-fact. 18 U.S.C. § 1961(4). Plaintiffs appear to allege that: (1) Texas Eastern and Ken's Marine, as legal entities, each constitute individual enterprises; and (2) there was a collection of individuals or entities that constituted an association-in-fact enterprise. See SAC ¶¶ 12, 16, 20(a). But the SAC does not plausibly allege that Texas Eastern and Ken's Marine are themselves RICO enterprises. "[T]o establish liability under § 1962(c) one must allege and prove the existence of two distinct entities: (1) a 'person'; and (2) an 'enterprise' that is not simply the same 'person' referred to by a different name." Cedric Kushner Promotions, Ltd. v. King, 533 U.S. 158, 161 (2001). In other words, "a claim simply against one corporation as both 'person' and 'enterprise' is not sufficient." Jaguar Cars, Inc. v. Royal Oaks Motor Car Co., 46 F.3d 258, 268 (3d Cir. 1995). Yet that is precisely what the SAC does—it

4

names Texas Eastern and Ken's Marine as both the RICO persons and the RICO enterprises. Because the SAC contains no facts distinguishing between the entities and the alleged enterprises, it fails this distinctiveness requirement. Similarly, the SAC fails to establish an association-in-fact enterprise. An association-in-fact enterprise is "a group of persons associated together for a common purpose of engaging in a course of conduct," and is "proved by evidence of an ongoing organization, formal or informal, and by evidence that the various associates function as a continuing unit." United States v. Turkette, 452 U.S. 576, 583 (1981). The enterprise must also have three structural features: "a purpose, relationships among those associated with the enterprise, and longevity sufficient to permit these associates to pursue the enterprise's purpose." Boyle v. United States, 556 U.S. 938, 946 (2009). The SAC is bereft of any details pertaining to the structure, purpose, function, course of conduct, and period of operation of the alleged association-in-fact enterprise. Plaintiffs' bare recitation of the elements of a RICO enterprise, coupled with conclusory statements regarding the enterprise's existence, is plainly insufficient to meet this element.

b. In addition, the SAC fails to satisfy the third and fourth elements of a RICO claim, which require a plaintiff to plead facts demonstrating a "pattern" of "racketeering activity." To show "racketeering activity," a plaintiff must point to an act or conspiracy involving state or federal crimes that are specifically listed in the RICO statute and referred to as "predicate acts." See 18 U.S.C. § 1961(l). A "pattern of racketeering activity" requires at least two acts of racketeering activity within a ten-year period. 18 U.S.C. § 1961(5). Here, Plaintiffs simply state that Defendants "committed sufficient predicate acts, including conspiracy" and "conspiracy to extort." SAC ¶ 14. Plaintiffs do not explain how

either of these constitute one of the statute's enumerated predicate offenses. Plaintiffs also vaguely suggest that Defendants may have bribed government officials. Id. ¶¶ 10, 15. Although bribery is a predicate offense, see 18 U.S.C. § 1961(1)(A), the SAC does not adduce any facts whatsoever to support this conclusory allegation. Furthermore, the SAC does not set forth the timing or frequency of any of the alleged predicate offenses, fails to explain how any such acts are related to each other, and omits any allegations suggesting that such offenses amount to or pose a threat of continued criminal activity. See H.J. Inc. v. Nw. Bell Tel. Co., 492 U.S. 229, 239 (1989). Plaintiffs' nebulous and imprecise allegations are plainly insufficient to state a claim for a violation of Section 1962(c).[4]

9. Because Plaintiffs have not established RICO standing and have not stated a prima facie RICO claim, Count One will be dismissed without prejudice.

10. Defendants further argue that Plaintiffs' remaining state law claims should be dismissed because the RICO claim provided the Court's sole basis for subject matter jurisdiction. Texas Eastern's Br. at 24-26; Ken's Marine's Br. at 24-25.

11. Plaintiffs' RICO claim—which replaced its prior OPA claim—was its only federal claim. Now that it has been dismissed, Plaintiffs may not invoke federal question jurisdiction. The SAC does not assert any other basis for federal jurisdiction. See SAC ¶ 4.

12. A district court may decline to exercise supplemental jurisdiction over state law claims if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). In this circuit, "where the claim over which the district court has original jurisdiction is dismissed before trial, the district court must decline to decide the pendent state

---

[4] Because Plaintiffs' claims under Sections 1962(b) and 1962(c) will be dismissed for failure to state a claim, their RICO conspiracy claim under Section 1962(d) also fails. Lightning Lube, 4 F.3d at 1191.

claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so." Borough of W. Mifflin v. Lancaster, 45 F.3d 780, 788 (3d Cir. 1995). At this early stage of the litigation, none of these considerations apply.

13. Accordingly, the Court declines to exercise supplemental jurisdiction over Plaintiffs' state law claims, and dismisses them without prejudice.

**IT IS** on this 25th day of May, 2017,

**ORDERED** that Defendant Texas Eastern's Motion to Dismiss, Dkt. No. 57, and Defendant Ken's Marine's Motion for Judgment on the Pleadings, Dkt. No. 83, are **GRANTED** and Plaintiffs' Second Amended Complaint is **DISMISSED WITHOUT PREJUDICE**; and it is further

**ORDERED** that Plaintiffs shall have **thirty days from the date of this Order** to file an amended complaint or this case will be closed.

*/s Madeline Cox Arleo*
**Hon. Madeline Cox Arleo**
**United States District Judge**